MITCHELL, J.
Appellant’s complaint alleges that the defendant maintained a large pepper tree on a public highway, to wit, at 10848 Central Avenue in the county of San Bernardino ; that the defendant county was repeatedly notified that said tree was decayed and in imminent danger of faHing; that defendant county failed to care for or remove said tree; that the tree fell on appellant’s automobile and damaged it to appellant’s loss in the sum of $750.
The county answered by admitting that the tree fell on appellant’s automobile thereby causing appellant to suffer damage to the extent of $750.
Thereafter the defendant county gave notice of a motion for a summary judgment on the ground that “the action has no merit. ’ ’
In support of this motion the county submitted affidavits of the members of the board of supervisors and of the road department which, in concert, averred that the affiants did not know of the dangerous or hazardous condition of the tree.
In reply to these scanty affidavits, offered by the moving party, the appellant filed affidavits of Evelyn Chick and Frank A. Hillsinger. The affidavit of Evelyn Chick recites a telephone conversation in which she notified the District Superintendent of the Division of Maintenance of the county of San Bernardino about the hazardous condition of the tree involved in this action about one month before it fell.
The affidavit of Frank A. Hillsinger recites that about May 3, 1955, the district superintendent of maintenance of highways for the county of San Bernardino told affiant that in *Supp. 842 March, 1955, the month preceding the incident, he had been notified of the hazardous condition of the tree.
Manifestly, a dispute exists between appellant and respondent upon a vital issue. This is a triable issue.
The trial court apparently misconstrued its duty in the premises and undertook to “try” the case rather than to pass upon the question presented by the motion.
That court said:
“In this ease we are faced with two primary questions:
“1. . . . (do) affidavits submitted by Plaintiff . . . present a triable case?
“2. Was proper notice of the alleged damage given to the proper person, persons or body?”
By its answer the county admitted that proper notice of claim of damage was filed—and was rejected. Ergo, notice of alleged damage was given.
If the trial court meant to say “Notice of the existence of a dangerous condition,” and then undertook to try that' question on the motion for summary judgment, then the trial court was equally in error. That was not its province.
The trial court also said:
“Taking the affidavits submitted by Plaintiff at their face value, do they . . . present a triable case? . . . we (sic) are of the opinion . . . (the answer) must be . . . in the negative. ’ ’
The maker of the motion, charged with the duty of supporting his motion for summary judgment with affidavits of substance, offered affidavits which recited that the respective affiants had not been informed of the dangerous condition before the injury occurred.
One of appellant’s reply affidavits recites the name of the officer to whom notice was given, the date, the manner and the substance thereof.
The other recites an acknowledgment of receipt of the notice and its nature by an officer of the defendant county.
Here is a triable issue.
The Law of Summary Judgments
The issue to be determined by the trial court in ruling upon a motion for summary judgment is whether or not the party opposing the motion has presented any facts which give rise to a triable issue or defense—not to pass upon or determine the issue itself, that is, the true facts in the case.
The facts alleged in the affidavits of the party against whom the motion is made must be accepted as true—and such *Supp. 843 affidavits need not be composed wholly of strictly evidentiary facts.
A summary judgment is proper only if affidavits of party opposing the motion fail to present a triable issue of fact.
The affidavits are to be construed with all intendments in favor of the party opposing the motion. (Desny v. Wilder, 46 Cal.2d 715 [299 P.2d 257].)
The judgment is reversed.
Coughlin, P. J., and Hilliard, J., concurred.